David W. KEATS, Individually and as
Surviving Spouse of Fern Keats,
Deceased, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. No. 84–0723.

United States District Court,
E.D. Michigan, S.D.

Oct. 28, 1987.

Allen Ben, Birmingham, Mich., Stephen Gutman, Southfield, Mich., for plaintiff.

Jerome Busch, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM *

COHN, District Judge.

This is an income tax refund case. Plaintiff alleges that he was wrongfully assessed for a deficiency in the payment of his 1975 and 1976 income taxes because the Internal Revenue Service refused to recognize ordinary losses and short-term capital gains resulting from trading in puts and calls on the London Metals Exchange (LME). Defendant has moved for summary judgment on the ground that the transactions involved are not distinguishable from the transactions described in *Glass v. Commissioner*, 87 T.C. 1087 (1986), where the Tax Court found for *Commissioner* on similar claims.

In *Glass*, transactions on the LME were held legally insufficient to generate losses and gains because they lacked economic substance and because they were a "sham in substance." *Glass* was commented on approvingly in this circuit in *Mahoney v. Commissioner*, 808 F.2d 1219 (6th Cir. 1987). *Mahoney* involved an appeal from a Tax Court decision which found transactions substantially similar to the transactions here as a sham in fact.

Defendant's motion papers include two declarations of James W. Hoag, an expert in commodities transactions, including option contracts, and a statement of material facts not in dispute. Plaintiff's response includes argument, excerpts from depositions, his own affidavit, and a brief affidavit of Milton Spencer, a professor in the School of Business Administration at Wayne State University. The Spencer affidavit is conclusionary in form and opines that there was a profit potential in the purchase and sale of the option contracts in question. Spencer, however, does not describe the details of such contracts, or offer examples which illustrate his conclusionary statement. The Spencer affidavit also does not refute the holding in *Glass* that transactions identical to the transactions in issue here lacked economic substance and hence the plaintiff's losses and gains were properly disallowed.

The identity of the transactions, i.e., of plaintiff's transactions, and those described in *Glass* is described in the Hoag declaration, and particularly the supplemental declaration filed on April 17, 1987. What plaintiff did was enter into paired transactions a short time apart on which he neither made, nor lost, money even though the

* This is an edited version of the Court's bench opinion of September 30, 1987.

transactions generated ordinary losses and short-term capital gains for tax purposes. There was no economic substance to these transactions; plaintiff did no more than trade dollars. Plaintiff's only out-of-pocket expenditures were the commissions he paid brokers for effectuating the transactions. Congress certainly intended something more before allowing diminished payment of income taxes. See *Gregory v. Helvering,* 293 U.S. 465, 469, 55 S.Ct. 266, 267, 79 L.Ed. 596 (1935).

*Helvering* involved an ostensible corporate reorganization which the Supreme Court found had no substance. Judge Learned Hand in the Court of Appeals's decision, *sub nom. Helvering v. Gregory,* 69 F.2d 809, 811 (2d Cir.1934), aptly said:

The underlying presupposition is plain that the readjustment shall be undertaken for reasons germane to the conduct of the venture in hand, not as an ephemeral incident, egregious to its prosecution.

The Court notes the apparent holding in *Glass* that the plaintiff there was entitled to a refund to the extent that any part of the deficiency increased income taxes in the short-term capital gain portion of the paired transactions. If that is the case, here a form of judgment should be submitted by the parties to reflect such fact.

Defendant's motion for summary judgment is GRANTED.